**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRELL ROBERTS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHULA VISTA, <br><br> Defendant. | Case No.: 16cv1955-MMA (DHB) <br><br> **ORDER RE: REQUEST FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE** |

Plaintiffs Darrell Roberts, et al. ("Plaintiffs") bring this action against Defendant City of Chula Vista ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. *See* Doc. No. 1 (hereinafter "Comp."). On November 2, 2017, the parties filed a stipulation and request for approval of the parties' settlement agreement and dismissal of this action with prejudice. *See* Doc. No. 39. For the reasons set forth below, the Court **DEFERS** ruling on the parties' request.

<u>**BACKGROUND**</u>

Plaintiffs, who are or were employed by the City of Chula Vista as firefighters, filed this action on August 2, 2016, alleging that Defendant failed to correctly pay overtime compensation in violation of the FLSA. *See* Comp. ¶¶ 5-6. Plaintiffs seek actual, consequential, liquidated and incidental damages, and any such other damages as may be allowed. *See* Comp. Further, Plaintiffs seek attorney's fees and costs. *See id.*

1   On February 3, 2017, Defendant filed an answer to Plaintiffs' Complaint, denying the
2   material allegations and asserting affirmative defenses. *See* Doc. No. 17.
3        In July 2017, the parties represented to the Court that they had reached a settlement
4   in principle. *See* Doc. No. 30 at 1.  On November 2, 2017, the parties filed a stipulation
5   and request for dismissal of this action with prejudice. *See* Doc. No. 39.  The parties
6   attached the settlement agreement to their stipulation and request for dismissal. *See id.*
7        The settlement agreement provides that Defendant will pay a total of
8   $1,039.616.81 to settle the claims of the one hundred and twenty-four plaintiffs. *See*
9   Doc. No. 39-1 at 3.  Specifically, each plaintiff is entitled to receive a portion of damages
10  for scheduled and unscheduled overtime, totaling $538,890.79, and liquidated damages,
11  totaling $470,426.02.  *Id.*  Additionally, the law firm of Adams, Ferrone & Ferrone is to
12  receive $29,700.00 for attorneys' fees and $600.00 for costs.  *Id.* at 4.
13        The settlement agreement further provides that Plaintiffs agree to dismiss with
14  prejudice their claims against Defendant in this action, and to withdraw or dismiss any
15  other complaint, claim, grievance, or charge against Defendant alleging FLSA violations
16  that were asserted in this action. *See id.*  Plaintiffs, however, "reserve the right to pursue
17  any FLSA . . . claims that they might have for events occurring after the effective date of
18  this Agreement." *Id.*  The release of claims is to become effective upon the Court's
19  approval of the settlement agreement and dismissal of the action. *See id.* at 7.

## **LEGAL STANDARD**

21  "The FLSA was enacted to protect covered workers from substandard wages and
22  oppressive working hours." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d
23  1164, 1171 (S.D. Cal. 2016).  Specifically, "[t]he FLSA establishes federal minimum-
24  wage, maximum-hour, and overtime guarantees that cannot be modified by contract."
25  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).  "[C]laims for unpaid
26  wages under the FLSA may only be waived or otherwise settled if settlement is
27  supervised by the Secretary of Labor or approved by a district court." *Selk*, 159 F. Supp.
28  3d at 1172; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th

Cir. 1982).

"The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved." *Beidleman v. City of Modesto*, 2017 WL 5257087, at *1 (E.D. Cal. Oct. 26, 2017). However, district courts in this circuit generally apply the standard adopted by the Eleventh Circuit in *Lynne's Food Stores*. *Id.*; *see also Slezak v. City of Palo Alto*, 2017 WL 2688224, at *1-2 (N.D. Cal. June 22, 2017); *Selk*, 159 F. Supp. 3d at 1172; *Ambrosino v. Home Depot U.S.A., Inc.*, 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014). Thus, in reviewing a FLSA settlement, courts must determine whether the settlement represents a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1355. "A bona fide dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability.'" *Selk*, 159 F. Supp. 3d at 1172 (citing *Ambrosino*, 2014 WL 1671489, at *1). A court will not approve a settlement of an action where there is no question that the FLSA entitles the plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute. *See id.*

Once a court determines that a bona fide dispute exists, "it must then determine whether the settlement is fair and reasonable." *Id.* Courts should consider the following factors in evaluating whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and the amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. *Id.* at 1173. A "district court must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Id.* "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Ambrosino*, 2014 WL 1671489, at *1 (citing *Lynn's Food Stores*, 679 F.2d at 1354).

## DISCUSSION

Here, the parties have submitted a relatively short stipulation, a copy of the settlement agreement, and a proposed order. *See* Doc. Nos. 39, 39-1. In the stipulation, the parties summarily assert "the settlement amounts as calculated . . . are fair and consistent and well within the range of the maximum results Plaintiffs could expect to obtain at trial if they prevailed." Doc. No. 39 at 4. Additionally, the parties contend "the amount to be paid to Plaintiffs' counsel accurately and fairly reflects the amount of attorney's fees and costs expended by Plaintiffs' counsel in pursuing Plaintiffs' claims to date." *Id.* The parties, however, fail to provide any factual representations or analysis as to why this settlement is a fair and reasonable resolution of a bona fide dispute, or that the amount to be paid to counsel is accurate in light of the time and money expended in this case. As such, the Court is unable to apply the legal standard and six factors outlined above to the facts of this case.

Accordingly, the parties are directed to supplement their stipulation for approval and dismissal by way of declaration(s), briefing, or both, addressing the legal standard and factors set forth above. Upon receipt of the filings, the Court will issue an order addressing the proposed settlement and dismissal.

## CONCLUSION

Based on the foregoing, the Court **DEFERS** ruling on the parties' request for approval of settlement and dismissal of the action with prejudice. The parties must submit the supplemental filings on or before **December 15, 2017**.

**IT IS SO ORDERED.**

Dated: November 29, 2017

HON. MICHAEL M. ANELLO
United States District Judge